**BEAR SALES COMPANY, a corporation and E. Robert Baer, individually and as as an officer of said corporation, Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 15350.**

United States Court of Appeals Seventh Circuit.

June 1, 1966.

Rehearing Denied June 30, 1966.

Charles Rowan, Willis Hagen, Milwaukee, Wis., for petitioners.

J. B. Truly, Asst. Gen. Counsel, Frank Gregory, Atty., F. T. C., James McI. Henderson, Gen. Counsel, Frank Gregory, Atty., for the Federal Trade Commission.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

PER CURIAM.

This matter is before the Court upon the petition of Bear Sales Company, a corporation, and E. Robert Baer, individually, to review an order issued by the Federal Trade Commission. The order requires the petitioners to cease and desist from selling or disposing of merchandise by means of a game of chance, gift enterprise, lottery scheme, chance, or gaming device, and from supplying to others devices designed to be so used.

The record establishes that petitioners are engaged in a typical "push card" merchandising operation such as that recently considered by this Court in Dandy Products, Inc. v. Federal Trade Commission, 7 Cir., 332 F.2d 985, and found to constitute an unfair method of competition which violated the Federal Trade Commission Act. In *Dandy Products* we rejected as unpersuasive the contention that Federal Trade Commission v. R. F. Keppel & Bro., Inc., 291 U.S. 304, 54 S.Ct. 423, 78 L.Ed. 814, should no longer be considered an authoritative precedent because of what was represented to be "a change in the 'moral' climate of the business community". We find equally unconvincing petitioners' attempt to now distinguish *Dandy Products* on the basis that the prize contests etc. there alluded to as furnishing the predicate for a change in the standards by which to measure the fairness of merchandising methods were not, as here, the subject matter of proof contained in the record.

We adhere to our reliance upon *Keppel* and we regard *Dandy Products* as dispositive of the refurbished and embellished contentions made by the petitioners.

The petition to set aside, revise or remand the order of the Commission is denied; the order is affirmed, and will be enforced.

Order affirmed.